UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
    :
SALLY ANN RORAPAUGH, *individually and as*   :
*Administratrix of the Estate of Scott Rorapaugh*,   :
    :
                            Plaintiff,   :         20-CV-4065 (JMF)
    :
                -v-   :         <u>ORDER OF DISMISSAL</u>
    :
EVERON J. MEADOWS, et al.,   :
    :
                       Defendants.   :
    :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

       On May 29, 2020, the Court noted that Plaintiff's Complaint failed to allege diversity of citizenship because it did not allege the citizenship of the members of the Defendant LLCs, Hannaford Bros. Co., LLC and ADUSA Transportation, LLC.  *See* ECF No. 13.  The Court ordered Plaintiff to amend her Complaint to allege the citizenship of each constituent person or entity comprising the Defendant LLCs and warned that, if she failed to do so, the Complaint would be dismissed for lack of subject-matter jurisdiction.  *Id.*  Separately, the Court ordered Plaintiff to show cause why the case should not be transferred to the United States District Court for the Northern District of New York.  *See id.*

       On June 11, 2020, Plaintiff filed an Amended Complaint, which removes Hannaford Bros. Co., LLC as a defendant.  *See* ECF No. 15.  But the Amended Complaint fails to allege the citizenship of ADUSA Transportation, LLC.  *See id.* ¶¶ 6-10.  Instead, it alleges that ADUSA Transportation, LLC has a single member, ADUSA Supply Chain Administration, LLC, whose primary place of business is in Delaware.  *See id.* ¶¶ 7-8.  The only member of ADUSA Supply Chain Administration, LLC, is another limited liability corporation, Retail Business Services

LLC, and whose principal place of business is also in Delaware.  *See id.* ¶¶ 9-10.  But the Amended Complaint fails to allege the citizenship of the members of Retail Business Services.  It follows that the Amended Complaint fails to allege diversity of citizenship.  *See* ECF No. 13.

Accordingly, this case is DISMISSED without prejudice for lack of subject-matter jurisdiction.[1]  The Clerk of Court is directed to close the case.

SO ORDERED.

Dated: June 12, 2020
       New York, New York

JESSE M. FURMAN
United States District Judge

---

[1] By letter filed on June 11, 2020, Plaintiff indicated that the parties "agree that there is no basis to oppose transfer of the case to the Northern District of New York."  ECF No. 16.  But "[b]efore a district court can consider a motion to transfer, it must determine whether it has subject-matter jurisdiction."  *Modu v. Notorious B.I.G., LLC*, No. 20-CV-2453 (LLS), 2020 WL 1911197, at *3 (S.D.N.Y. Apr. 16, 2020).  In light of that, and Plaintiff's failure to establish subject-matter jurisdiction, the Court may not transfer the action.  The Court assumes that, if Plaintiff chooses to refile this action in federal court, she will do so in the Northern District of New York rather than in this District.